867 F.2d 609
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
John Patton McGLOTHLIN, Petitioner-Appellant,
v.
DIRECTOR, VIRGINIA DEPARTMENT OF CORRECTIONS, Respondent-Appellee.
 No. 88-6551.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Nov. 30, 1988.
Decided: Jan. 13, 1989.
Rehearing and Rehearing In Banc Denied Feb. 21, 1989.
 
 John Patton McGlothlin, appellant pro se.
 Richard Bain Smith (Office of the Attorney General), for appellee.
 Before JAMES DICKSON PHILLIPS, MURNAGHAN and ERVIN, Circuit Judges.
 PER CURIAM:
 
 
 1
 John Patton McGlothlin seeks to appeal the district court's order refusing habeas corpus relief pursuant to 28 U.S.C. Sec. 2254. Our review of the record and the district court's opinion discloses that this appeal is without merit. Accordingly, we deny a certificate of probable cause to appeal and dismiss the appeal on the reasoning of the district court.* McGlothlin v. Director, Virginia Department of Corrections, C/A No. 86-1404-AM (E.D.Va. Jan. 22, 1988). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 2
 DISMISSED.
 
 
 
 *
 The district court concluded that McGlothlin's claims concerning conflicting jury instructions had not been exhausted and apparently dismissed this claim without prejudice. In Rose v. Lundy, 455 U.S. 509 (1982), the Supreme Court held that a petition containing exhausted and unexhausted claims must be dismissed in its entirety until all claims are exhausted. To the extent that the district court attempted to do otherwise it was error. Although the words "conflicting jury instructions" were not presented in the state habeas corpus petition, we conclude that the claim itself was fairly presented in the state proceedings. Picard v. Connor, 404 U.S. 270, 275-76 (1971). We have examined the conflicting instructions claim and conclude that it is without merit